**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK**

───────────────────────────────────────────────

**ANNE MANCINI CHURCH, KENNETH VARRIALE,
TINA BAGLEY & HOLLIE KING on behalf of
themselves and all other similarly situated,**

                                                 **Plaintiffs,**             **6:11-cv-1198
                                                                      (NAM/ATB)**

**v.**

**ST. MARY'S HEALTHCARE,**

                                                 **Defendant.**

───────────────────────────────────────────────

**APPEARANCES:**                                                              **OF COUNSEL:**

Gleason, Dunn, Walsh & O'Shea                         Ronald G. Dunn, Esq.
40 Beaver Street                                                         Daniel Jacobs, Esq.
Albany, New York 12207
For Plaintiffs

Ackerman, Wachs & Finton, P.C.                      Sarah J. Burger, Esq.
90 State Street, Suite 911
Albany, New York 12207
For Plaintiffs

Bond, Schoeneck & King, PLLC                          Louis Orbach, Esq.
111 Washington Avenue                                    Michael D. Billok, Esq.
Albany, New York 12210                                    Ryan Finn, Esq.
For Defendant

**Norman A. Mordue, U.S. District Judge**

## MEMORANDUM DECISION AND ORDER

**I.    INTRODUCTION**

       Plaintiffs Anne Mancini Church, Kenneth Varriale, Tina Bagley, and Hollie King[1] bring

───────────────────

[1] Plaintiffs purport to bring this action as a "collective class action" on behalf of all "employees similarly situated". This aspect of plaintiffs' complaint, however, is not before the Court at present.

this action against St. Mary's Healthcare ("St. Mary's"), defendant pursuant to the Fair Labor Standards Act, 28 U.S.C. § 201 et seq. ("FLSA"); New York Labor Law Article 6 § 190 et seq.; and New York Labor Law Article 19§ 650 et seq.  Plaintiffs allege that defendant, their employer, did not include the time they spent working through breaks, which "often included work that should have been calculated at premium overtime rates" when calculating their pay, in violation of the FLSA and New York law.  Defendant moves pursuant to Rule 12(b)(6) to dismiss the amended complaint, Dkt. No. 20, on the ground that it fails to state a plausible claim for relief.  Dkt. No. 26.  Plaintiffs oppose defendant's motion and cross-move to file a second amended complaint.  Dkt. No. 32.

## II.     THE AMENDED COMPLAINT

According to the amended complaint, St. Mary's Healthcare is a "domestic not-for-profit" organization with over 1,000 employees throughout its hospitals and facilities, which include a nursing home, an acute rehabilitation unit, seven offsite primary care centers, and behavioral health service facilities.  Plaintiff Anne Mancini Church, a registered nurse, worked at St. Mary's from 1999 to 2004 and again from 2007 to June 2011.  Plaintiff Kenneth Varriale, a registered nurse, worked at St. Mary's from April 2006 to August 2011.  Plaintiff Tina Bagley, a registered nurse, worked at St. Mary's from 2007 to May 2009, and again, on a per diem basis, from 2010 to August 2011.  Plaintiff Hollie King worked at St. Mary's in the positions of "unit coordinator" and "patient care technician" from September 2004 to June 2011.  Plaintiffs were "nonexempt hourly wage earners" and were not members of a collective bargaining unit or labor organization.

The amended complaint alleges that defendant: failed "to keep accurate records of hours worked by its employees"; failed "to pay employees the applicable overtime rate for all time they

worked in excess of forty hours per week"; and failed "to pay employees their agreed upon wages for all the hours worked", in violation of the FLSA and New York law.

According to the amended complaint, defendant's "Break Deduction Policy is an automatic payroll policy, practice and/or system which automatically makes deductions from" plaintiffs' pay. "Defendant automatically deducts 30 minutes each day from an employee's pay for a meal period using the Kronos computerized system even though employees are always denied a meal period." Plaintiffs state that they "routinely perform compensable work for the time that is automatically deducted from the compensable time under the Break Deduction Policy." Plaintiffs allege that if their hours "had been properly calculated, the time spent working through the breaks often included work that should have been calculated at premium overtime rates". Plaintiffs further allege that defendant "knew and instructed plaintiffs not to record time worked during meal periods." Plaintiffs claim that defendant failed to "make, keep and preserve adequate and accurate records" of plaintiffs' employment "concerning their wages, hours and other conditions of employment." Among other things, plaintiffs assert that defendant failed to disclose the hours they worked each work day, the total hours they worked each work week and the total amount of wages and overtime wages to which they were entitled each week.

More specifically, plaintiffs allege:

51. Defendant's nurse manager, Bob Quist ("Quist") was employed as the Head Nurse of the Emergency Department for approximately nine (9) years and his employment terminated in or about May 2010. As the Head Nurse he was responsible for staffing for the Emergency Department.

52. Quist, upon information and belief, verbally told Plaintiffs . . . that if they ate a meal, even while performing their job duties, that that counted as their meal period and instructed staff members not to document not receiving the meal period.

53. Upon information and belief, if employees did not eat they were also instructed

3

not to document not receiving the meal period.

54. On many occasions, Quist sent emails . . . to Plaintiffs . . . instructing staff members not to document not receiving the meal period.

55. Defendant's nurse manager, Trish Green ("Green") commenced employment as the Emergency Department Head Nurse in or about May 2010 and upon information and belief presently holds the same position. Green, as head nurse, is responsible for handling staffing for the emergency department.

56. Upon information belief, at or around July 2010, nursing staff expressed concern for patient safety to Trish Green, as well as the Vice President of Nursing Michelle Walsh, and Emergency Department Charge Nurse, Frank Persico, because staff were not receiving breaks or meal periods during their shifts.

57. Emergency Department staff frequently and consistently expressed concern to their supervisors regarding the fact that they did not receive breaks and that they were not being compensated for the compensable time that was being automatically deducted from each employees['] time card.

Based on these facts, plaintiffs advance four causes of action: (1) failure to pay overtime wages for all hours worked in excess of forty hours in a work week, in violation of the FLSA, 29 U.S.C. § 207 et seq.; (2) failure to pay overtime wages for all hours worked in excess of forty hours in a work week, in violation of the overtime wage provisions set forth in the New York Labor Law Article 19 § 650 et seq., and the supporting New York State Department of Labor regulations, 12 N.Y.C.R.R. Part 142.; (3) unlawfully deducting meal breaks automatically regardless of whether plaintiffs had a break, in violation of the New York State Labor Law; and (4) failure to pay plaintiffs at their agreed hourly regular and overtime pay rates for all hours "either worked or required to be compensated", in violation of New York Labor Law Article 6 § 190 et seq.

### III.  MOTION TO DISMISS

**A.    Standard**

4

It is well established that "the sufficiency of a complaint is a matter of law that the court is capable of determining based on its own reading of the pleading and knowledge of the law. If a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal." *McCall v. Pataki*, 232 F.3d 321, 322-23 (2d Cir. 2000).  Thus, when deciding an unopposed dismissal motion, a court must "assume the truth of [the] pleading's factual allegations and test only its legal sufficiency." *Id*. at 322.  On a motion to dismiss under Rule 12(b)(6), the Court reviews the complaint to determine whether it has "facial plausibility" and pleads enough facts to allow the court to "draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009).

**B.**     **FLSA and New York Labor Law (First, Second and Fourth Claims for Relief)**

The FLSA states that: "no employer shall employ any of his employees . . . for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed.  29 U.S.C. § 207(a)(1).[2]  To recover unpaid overtime wages under the FLSA, plaintiffs must establish that: (1) they were employees who where eligible for overtime; and (2) that they actually worked overtime hours for which they were not compensated.  *Hosking v. New World Mortg., Inc*., 602 F.Supp.2d 441, 447 (E.D.N.Y. 2009).  To survive a motion to dismiss, a complaint alleging FLSA and New York Labor Law violations

---

[2]"The relevant portions of New York Labor Law do not diverge from the FLSA," thus the analysis "applies equally to [New York Labor Law] state law claims." *Whalen v. J.P. Morgan Chase & Co.*, 569 F.Supp.2d 327, 330 n.2 (W.D.N.Y. 2008), *rev'd on other grounds sub nom. Davis v. J.P. Morgan Chase & Co.*, 569 F.3d 529 (2d Cir. 2009).

5

should, "[a]t a minimum . . . set forth the approximate number of unpaid regular and overtime hours allegedly worked." *Nakahata v. New York Presbyterian Healthcare Sys., Inc.*, No. 10 Civ. 2661, 2011 WL 321186, at *4 (S.D.N.Y. Jan. 28, 2011). An approximation of the hours worked is "useful" but "not absolutely necessary", however, as long as the "complaint 'pleads factual content that allows the court to draw the reasonable inference' that the defendant unlawfully denied the plaintiff overtime wages, and the allegations 'give the defendant fair notice of [plaintiff's] claim and the grounds upon which it rests.'" *Williams v. Skyline Auto., Inc.*, No. 11 Civ. 4123, 2011 WL 5529820, at *2 (S.D.N.Y. Nov. 14, 2011); *see also Hahn v. Rocky Mountain Express Corp.*, No. 11 Civ. 8512, 2012 WL 2930220, at *2 (S.D.N.Y. Jul. 16, 2012) (finding sufficient a complaint that alleged "(1) Plaintiff was a non-exempt employee entitled to overtime pay; (2) he worked in excess of 40 hours a week; and (3) he was denied overtime.").

In this case, the complaint contains no approximation of the number of overtime hours for which defendant failed to compensate plaintiffs, only the allegation that if defendant had properly calculated plaintiffs' hours, "the time spent working through the breaks *often* included work that should have been calculated at . . . overtime rates." (Emphasis added). However vague this allegation may be, the Court is not dismissing the complaint for failing to include an approximate number of overtime hours at issue, it is dismissing the complaint because it does not allege that plaintiffs worked in excess of forty hours a week. *Cf.*, *Williams*, 2011 WL 5529820 at *4 (finding that even though the complaint did not "approximate the number of overtime hours" the plaintiff worked it was sufficient because it alleged that the plaintiff "'frequently worked more than forty (40) hours per week'"). In the absence of an allegation that plaintiffs worked in excess of forty hours per week, the complaint fails to state a plausible claim for relief under the FLSA or New

York Labor Law.  Accordingly, defendant's motion to dismiss is granted.

### C. New York Labor Law § 193 (Third Claim for Relief)

Defendants move to dismiss plaintiffs' claim that defendants made "unlawful deductions" from their wages by automatically deducting their meal breaks from the number of hours they worked, in violation of New York Labor Law § 193.

New York Labor Law § 193 ("section 193") provides that "[n]o employer shall make any deduction from the wages of an employee" except those permitted by law or authorized by the employee. N.Y. LAB. LAW § 193 (McKinney 2011). "Wages" are defined in Labor Law § 190(1) as the "earnings of an employee for labor or services rendered, regardless of whether the amount of earnings is determined on a time, piece, commission or other basis."  The crux of plaintiffs' claim is that defendant failed to pay them for the hours they worked during meal breaks.  Section 193, however, prohibits employers from making unlawful deductions from employees' wages and does not govern deductions from the number of hours worked.  *See Strohl v. Brite Adventure Ctr., Inc.*, No. 08–CV–259, 2009 WL 2824585, at \*9 (E.D.N.Y.  Aug. 28, 2009) (dismissing an improper deduction claim where the plaintiff alleged that the defendant violated section 193 by adjusting her total hours downward as a penalty for punching in before or after her 8:00am start time because the "defendants did not 'deduct' any amount from [the plaintiff's] wages, but simply failed to pay her all the wages she had earned."); *Ireton–Hewitt v. Champion Home Builders Co.*, 501 F.Supp.2d 341, 353 (N.D.N.Y. 2007) ("Champion did not make unauthorized deductions from Ireton–Hewitt's vacation or severance pay. Rather, it never tendered payment of unused vacation pay and severance pay to plaintiff.").  Accordingly, defendant's motion to dismiss the New York Labor Law § 193 claim is granted.

**IV.    CROSS-MOTION TO AMEND THE COMPLAINT**

Plaintiffs cross-move to file a second amended complaint. Plaintiffs, however, did not submit a proposed second amended complaint with their motion papers. Rule 7.1.(a)(4) of the Local Rules of Practice for the Northern District of New York states that: "A party moving to amend a pleading . . . must attach an unsigned copy of the proposed amended pleading to its motion papers." Accordingly, plaintiffs' cross-motion to file a second amended complaint is denied.

On August 31, 2012, more than five months after they filed their cross-motion to file a second amended complaint, plaintiffs submitted a letter motion, Dkt. No. 36, requesting to file a "Proposed Second Amended Complaint". Plaintiffs prepared the proposed second amended complaint based on time records produced by defendant between May and August 2012. Defendants oppose plaintiff's request on the grounds that it is untimely and does not explain why, after defendant, a non-profit hospital of "limited resources", has spent considerable time responding to plaintiffs' first two complaints, it is only now attempting to cure the deficiencies defendant identified in its first motion to dismiss. Dkt. No. 37. The proposed second amended complaint is based on recent discovery materials and bears no relation to plaintiff's cross-motion to file a second amended complaint so it would not aid the disposition of that motion. Therefore, plaintiff's request is denied. The Court will, however, entertain a motion to file a second amended complaint if filed within thirty (30) days of the date of this order. Plaintiffs are advised that such a motion must comply with the Local Rules in all respect and therefore must include an unsigned copy of the proposed second amended complaint. If plaintiffs fail to file a motion to file a second amended complaint, this action will be dismissed. Upon receipt of such a motion, the

Court will set a briefing schedule.

## V.   CONCLUSION

For the foregoing reasons it is hereby

**ORDERED** that defendant's motion to dismiss (Dkt. No. 26) is GRANTED; and it is further

**ORDERED** that plaintiffs' cross-motion to file a second amended complaint (Dkt. No. 32) is **DENIED**; and it is further

**ORDERED** that plaintiff letter motion (Dkt. No. 36) to file a proposed second amended complaint is **DENIED**; and it is further

**ORDERED** that if plaintiffs elect to move to file a second amended complaint, such motion shall be filed within thirty (30) days of the date of this Memorandum Decision and Order; and it is further

**ORDERED** that if plaintiffs do move to file a second amended complaint within thirty (30) days of the date of this Memorandum Decision and Order, this action will be **DISMISSED** without further order of the Court.

**IT IS SO ORDERED.**

Date:   September 25, 2012

Honorable Norman A. Mordue
U.S. District Judge